IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TYRONE HARRIS, #1837602, § | |
| Petitioner, § | |
| § | |
| v. § | CASE NO. 3:15-CV-0097-L-BK |
| § | |
| WILLIAM STEPHENS, § | |
| Director, TDCJ-CID, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be denied.

**I. BACKGROUND**

In December 2012, Petitioner pled guilty to aggravated robbery and was sentenced to 15 years' imprisonment. *State v. Harris*, No. F12-58608-N (195th Judicial District Court, Dallas County, 2012). Doc. 1 at 2.[1] Petitioner did not file a direct appeal, and the Texas Court of Criminal Appeals subsequently denied his application for state habeas relief. *See Ex parte Harris*, No. WR43-604-08 (Tex. Crim. App. 2014) (denying state application without written order on the trial court's findings without a hearing). Doc. 34-18 at 1.

In his *pro se* federal petition, Petitioner asserts ineffective assistance of counsel, and claims that his guilty plea was involuntary and that he was denied a competency hearing. Doc. 1 at 6-7. Respondent argues the claims lack merit. Doc. 16. Petitioner has filed a reply. Doc. 18.

---

[1] Contemporaneously, the court revoked Petitioner's probation in five other cases and sentenced him to separate terms of imprisonment on each. *See* State Habeas Court Record, Doc. 34-22 at 24, n. 1.

## II. ANALYSIS

### A. Unexhausted and Procedurally-Barred (Claim 3)

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Morris v. Dretke*, 413 F.3d 484, 490-491 (5th Cir. 2005). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-524 (5th Cir. 2008).

Petitioner did not exhaust his claim that he was denied a competency hearing. *Compare* Doc. 1 at 7, with Doc. 34-22 at 11-12. His failure to exhaust thus constitutes a procedural default that bars this Court from considering the claim. *Morris*, 413 F.3d at 491-492; *Ries*, 522 F.3d at 523-524. Moreover, Petitioner has not alleged, much less shown, cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claim. Doc. 18 at 1-2. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *modified by Martinez v. Ryan*, --- U.S. ---, 132 S. Ct. 1309 (2012). Additionally, it is apparent from a review of the record that Petitioner had the opportunity to raise in his state writ all the claims he presents here, and simply failed to do so. Therefore, Petitioner's third claim should be dismissed with prejudice as unexhausted and procedurally barred.

### B. Remaining Claims Lack Merit

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," as the decision of the state court is reviewed under a highly deferential standard" and afforded the "benefit of the doubt." *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).

*Voluntariness of the Guilty Plea (Claim 2)*

Petitioner asserts his guilty plea was involuntary because defense counsel led him "to believe he would get help with mental illness [and] drug treatment by going to Safe Pete not prison." Doc. 1 at 6; *see also* Doc. 2 at 5. The state habeas judge rejected this contention:

> Applicant's trial counsel, Davey Lamb, has provided the Court with an affidavit. The Court is familiar with Davey Lamb, finds him to be a skilled criminal defense attorney, and finds him to be truthful and his affidavit worthy of belief.
> . . .
> Applicant contends that trial counsel advised Applicant that he could go to "St. Pete" and that Applicant would not have pled guilty had he known he was not going to get "St. Pete."
>
> It appears that Applicant is referring to the Substance Abuse Treatment Program pursuant to Section 14 of Article 42.12 of the Code: of Criminal Procedure, often referred to as SAFP and pronounced "Safe P."

> The Court finds that trial counsel never promised Applicant that Applicant would avoid going to prison by entering an open plea.
>
> In addition, the record is clear that Applicant freely and voluntarily decided to accept a plea offer of fifteen years imprisonment rather than go forward with the open plea at the time of the sentencing hearing.
>
> The Court further finds that at no time did trial counsel advise Applicant to stop taking any medications.
>
> The Court finds that trial counsel fully advised Applicant of his options and the possible consequences.
>
> The Court finds that there were no facts suggesting that the Applicant may be incompetent or any evidence from any source that would support a finding of incompetence.
>
> The Court finds that Applicant was competent at the time he entered his plea and at the sentencing hearing and that Applicant entered his plea and entered into the sentencing agreement with a full understanding of what he was doing.

Doc. 34-22 at 67, 68-69.

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). A guilty plea is knowing, voluntary, and intelligent if it is done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 749-750 (1970). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Deville v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) (quotation and quoted case omitted).

Here, as reflected in the state court record, Petitioner was adequately informed of the nature of the charges against him, the consequences of his guilty plea, including the applicable range of punishment. The plea agreement, which he signed, noted that his was an "open plea" (no plea bargain) and included written admonishments regarding the range of punishment and

waiver of constitutional rights associated with a trial.  Doc. 34-22 at 81-82; *see also* Doc. 34-21 at 4, *Transcript of Plea Hearing*.  In addition, Petitioner judicially confessed his guilt of the aggravated robbery charge and admitted that his plea and judicial confession were voluntarily entered.  Doc. 34-22 at 83, *Plea Agreement*; Doc. 34-22 at 85, *Judicial Confession*; Doc. 34-21 at 5, *Transcript of Plea Hearing*.

In his reply, Petitioner asserts his plea was "ambiguous."  Doc. 18 at 1.  He also restates his mental health issues and the procedural history of the state case.  Doc. 18 at 10.  Official court records, however, "are entitled to a presumption of regularity and are accorded great evidentiary weight" on habeas corpus review.  *Hobbs v. Blackburn*, 752 F.2d 1079, 1081-1082 (5th Cir. 1985) (citations omitted).  Moreover, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Cothran*, 302 F.3d 279, 283-284 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy.").  Consequently, Petitioner's conclusory assertions in his federal pleadings are insufficient to rebut the presumption that his plea of guilty was voluntary and intelligent.  *See* 28 U.S.C. § 2254(e)(1) ("determination of a factual issue by a state court shall be presumed correct" unless rebutted "by clear and convincing evidence").

Accordingly, Petitioner has not shown that the state court's decision rejecting his claim was an unreasonable application of clearly established federal law.  His second claim, therefore, fails.

*Ineffective Assistance of Counsel (Claim 1)*

The Court reviews ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'"  *Cullen v.*

*Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted).  In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."  *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687; *see also Premo v. Moore,* 562 U.S. 115, 125 (2011) (strict adherence to *Strickland* standard is very important in guilty-plea cases).  To establish prejudice in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  Consequently, the petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.*

In his first ground, Petitioner asserts defense counsel rendered ineffective assistance in failing to investigate his mental health illness and competency.  Doc. 1 at 6.  He states that he was not evaluated by a psychiatric of his own choice, and was assessed only at the jail mental ward.  Doc. 1 at 6.  He maintains (as he did in his state pleadings) that counsel suggested at their first meeting that Petitioner be evaluated by a psychiatrist, but it was never done.  Doc. 2 at 2.

The state habeas judge rejected Petitioner's ineffective assistance claim:

> The Court finds that Applicant appeared competent to both trial counsel and trial counsel's investigator. At the plea proceeding on November 12, 2012, Applicant testified that he went over the allegations in the indictment with trial counsel and that he fully understood the allegations.
>
> Applicant was able to testify in an intelligent manner at both the proceeding on November 12, 2012, and the sentencing hearing on December 14, 2012.

> The Court finds that there is no indication that the Applicant was incompetent to stand trial and no indication that a request for a competency evaluation was needed.

Doc. 34-22 at 68.

Even when liberally construed, Petitioner's pleadings fail to show that counsel's representation during the guilty plea proceedings was deficient or that it prejudiced him. *Strickland*, 466 U.S. 668, 687. Petitioner has provided nothing more than conclusory allegations that his trial counsel was ineffective in failing to make an adequate investigation of his mental health illness and mental competency. The mere fact that Petitioner was a "MHMR outpatient" before his incarceration did not render him mentally competent. Doc. 2 at 2. Moreover, "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the [plea]." *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) (citation and quotations omitted). Bare allegations, like the ones in this case, are clearly insufficient. *Id.*

Furthermore, while defense counsel initially mentioned the possibility of having Petitioner's competency evaluated, he and his investigator later concluded that was unnecessary. Doc. 34-22 at 63 (counsel's affidavit). The state habeas judge (who also presided at the plea and sentencing hearings) reached the same conclusion. Doc. 34-22 at 68. Additionally, with respect to the prejudice prong, Petitioner has wholly failed to allege, much less show, that but for counsel's alleged deficiency, he would not have pleaded guilty and would have insisted on proceeding to trial despite the potential of receiving a life sentence. *Hill*, 474 U.S. at 59.

Based on the foregoing, Petitioner cannot overcome the strong presumption that he received effective assistance of counsel during the plea proceedings. The state court's denial of

relief on this ground was a reasonable application of federal law.  Thus, Petitioner's first claim has no merit.

### Evidentiary Hearing and Discovery Not Required

Throughout the pleadings in this case, Petitioner requests an evidentiary hearing to develop his claims and present more evidence of his mental health illness.  Doc. 2 at 15; Doc. 18 at 12-13.  However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)).  Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court.  Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court.  Accordingly, he is not entitled to an evidentiary hearing.

Petitioner has also sought to subpoena his mental health records [Doc. 24], however, he has not demonstrated good cause to permit discovery.  *See* Rule 6 of the Rules Governing Section 2254 Proceedings for the United States District Courts (granting district courts discretion to authorize discovery only upon a showing of good cause); *see also Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997) (addressing good cause standard).  "[T]o establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'"  *Lave v. Dretke*, 416 F.3d 372, 381 (5th Cir. 2005) (quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir.1994)).  Because Petitioner has failed to meet this burden, he is not entitled to conduct discovery.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

**SIGNED** March 2, 2016.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE